**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                                               :

FRANCIS JANIK                                           :

                       *Plaintiff*,                  : Index No. 16-cv-058724-(ALC)

                                                            : ECF Case

     vs.                                                     :

                                                             : **MEMORANDUM OF LAW ON**
                                                             : **MOTION FOR DEFAULT**

MEDIAPOST COMMUNICATIONS, INC.   :

                     *Defendant.*               :
-------------------------------------------------------x

       Plaintiff Francis Janik ("Janik"), by and through undersigned counsel hereby respectfully moves for default judgment against the Defendant MediaPost Communications, Inc. ("MediaPost") pursuant to this Court's Individual Rules and Practices in Civil Cases Attachment A, Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b).

## Introduction

       Janik seeks a default judgment against MediaPost. The Corporate Defendant was served with the Summons and Complaint, but failed to file an Answer or otherwise defend, resulting in the Clerk's entry of default on October 14, 2016. See Clerk's Default, Dkt. 8. Plaintiff now requests that the Court enter the attached proposed Default Judgment ("Default Judgment"). The Default Judgment award includes a civil money penalty of $45,000 for the claims under 17 U.S.C. §504, DMCA §1203 and $9,525 in attorney's fees and costs to be imposed against the Corporate Defendant.

## BACKGROUND

    **I.**         **FACTUAL ALLEGATIONS**

Janik is a professional photojournalist whose livelihood depends on licensing his photographs to online, print and television outlets for a fee. In 1980's, Janik took an iconic photograph of a famous editor and founder of Spin Magazine, Bob Guccione, Jr. The photograph was registered with the United States Copyright Office.

On and about July 4, 2015 the Defendant ran an article on its website prominently featuring the photograph. The Defendant did not license the photograph from Janik, nor did it have permission nor consent to use it.

## II. PROCEDURAL HISTORY

Janik filed the Complaint in this action on July 21, 2016. See Dkt. 1. On July 22, 2016, the Defendant was served a Summons, Civil Cover Sheet and Complaint at the Defendant's place of business. See Dkt. 5. Pursuant to Fed. R. Civ P. an answer or a response was due on August 12, 2016.

## ARGUMENT

Under Federal Rule 55(b)(2), this Court may enter a default judgment against a defendant that has failed to appear and defend. Entry of a default judgment is appropriate if the defendant's liability is well-pled in the complaint and the defendant has failed to participate in the litigation in good faith.

## I. PLAINTIFF HAS PROVEN COPYRIGHT INFRINGEMNT.

In order to properly plead a claim for copyright infringement, pursuant to 17 U.S.C. §§106 and 501, the Plaintiff "must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the

defendant infringed the copyright." *David Young-Wolff v. McGraw Hill Companies*, 2014 WL 349711, at *2 (Jan. 14, 2014).

The Complaint properly pled the required elements to establish copyright infringement. It has pled that Janik owns a registered copyright in the photograph that is the subject of the litigation. Furthermore, the Complaint specifies that the photograph was infringed upon by the Defendant by the publication of its article. Having properly pled copyright infringement, all allegations contained therein are taken as true. Janik is therefore entitled to the have his motion for default judgment granted.

## II. ACTUAL DAMAGES FOR COPYRIGHT INFRINGEMENT.

The Copyright Act entitles the Plaintiff to collet actual damages 17 U.S.C. §504(b). Actual damages consist of any loss sustained by the Plaintiff and any revenue, profit or advantage gained by the Defendant as a result of the infringement. Janik's photograph is of the iconic founder of Spin Magazine in the early, foundational days for the magazine. It is difficult to ascertain how much the Defendant saved in using Janik's photograph. Spin would have the pay the optimal licensing fee for a photograph of its founder in his early days. The Defendant in this case had ample notice and opportunity to make an appearance and mount a defense of its actions and has chosen not to do so. Its actions are brazen and unrepentant and deserve to be addressed by the Court through enhanced damages. The Plaintiff's calculation of actual damages depends, in large part, on the Defendant's accounting of revenue, profits and advantage gained as a result of the infringement. In the absence of the Defendant's accounting, due to its lack of participation in the process, the Plaintiff is at a severe disadvantage in estimate the extent of actual damages. The Defendant's unwillingness to participate in good faith should be construed

against it, and in the favor of the Plaintiff. The Plaintiff estimates that actual damages in the amount of $20,000.

### III. STATUTORY DAMAGES FOR VIOLATION OF DMCA.

The DMCA provides for statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c). In this case, the copyright management information was removed from Janik's photograph. Therefore, the Janik requests a maximum award of $25,000 for the intentional and knowing removal of the copyright management information with the intent to enable, facilitate or conceal copyright infringement.

### IV. ATTORNEY'S FEES AND COSTS

Janik also seeks attorney's fees and costs that are available under 17 U.S.C. §505 and are well within the Court's discretion. Janik is asking for $9,000 to pay his reasonable attorney's fees and $525 associated with court costs.

### CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court enter the proposed Default Judgment against the Corporate Defendants and award Plaintiffs attorneys' fees and costs in an amount to be determined by the Court on this accounting or, alternatively, upon subsequent submissions.

Dated: Valley Stream, New York
December 23, 2016

LIEBOWITZ LAW FIRM, PLLC

By:   /s/Richard Liebowitz
      Richard P. Liebowitz

11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Francis Janik*