UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                       :

FRANCIS JANIK                                              :

                         *Plaintiff,*                      : Index No. 16-cv-05872-(ALC)

                                                           : ECF Case

  vs.

**:AFFIDAVIT IN SUPPORT OF**
**:MOTION FOR DEFAULT**

MEDIAPOST COMMUNICATIONS, INC.      :

                       *Defendant.*                   :
------------------------------------------------------------x

STATE OF NEW YORK    )
                              )    SS.:
COUNTY OF NASSAU    )

       <u>RICHARD LIEBOWITZ</u>, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and an attorney at the firm of Liebowitz Law Firm PLLC, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to this Court's Individual Rules and Practices in Civil Cases, Attachment A, in support of plaintiff's motion for the entry of a default judgment against defendant.

3. Plaintiff Janik filed the Complaint in this action on July 21, 2016. See Dkt. 1. On July 22, 2016, the Defendant was served a Summons, Civil Cover Sheet and Complaint at its place of business. See Dkt. 5. Pursuant to Fed. R. Civ. P. an answer or a response was due on August 12, 2016.

4. On October 7, 2016 the Plaintiff moved for default judgment. On October 14, 2016 the Clerk issued a Certificate of Default.

5. As explained in detail in the Motion for Default we propose damages in the amount of $45,000, including interest, actual damages in the amount of $20,000, the maximum in statutory damages allowed under the DMCA for violation of copyright management information in the amount of $25,000. Furthermore, we ask the Court to grant reasonable attorney's fees and costs in amount of $9,525 pursuant to this Court's rules.

6. We believe that an inquest into damages would be unnecessary because the DMCA has provided for statutory damages specifically to avoid a lengthy and intensive inquiry into damages. 17 U.S.C. §1203. The calculation of actual damages for copyright infringement has been impeded by the Defendant's failure to appear. Given the exclusivity of the photograph, its value to the infringer, we estimate the actual damages to be at $20,000.

7. The Defendant is not an infant or an incompetent.

DATED: December 23, 2016
      Valley Stream, NY

Respectfully Submitted,

/s/Richard Liebowitz
Richard P. Liebowitz

Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel. (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Francis Janik*