USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/26/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| FRANCIS JANIK, |
| Plaintiff, |
| -against- |
| MEDIAPOST COMMUNICATIONS, INC., |
| Defendant. |

16-cv-05872 (ALC)

OPINION AND ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Francis Janik brings this action for copyright infringement against Defendant MediaPost Communications, Inc. ("MediaPost"). After Plaintiff obtained a Certificate of Default from the Clerk of the Court, he made the instant motion for default judgment against MediaPost. For the reasons that follow, Plaintiff's motion for default judgment is denied.

## BACKGROUND

### I. Factual Background

Plaintiff is a professional photojournalist. ECF No. 1 ("Compl."), at ¶ 5. In the 1980's, Plaintiff photographed the founder and then-editor of SPIN Magazine, Bob Guccione, Jr. *Id.* ¶ 7, Ex. A (Guccione Photograph). Plaintiff alleges that he is the sole owner of the Guccione Photograph, and that the United States Copyright Office has given it a "pending" registration number. *Id.* ¶¶ 8-9, Ex. B (Copyright Application).

On July 4, 2015, MediaPost, a New York corporation, published an article on its website about Guccione and SPIN Magazine that featured Plaintiff's photograph of Guccione. *Id.* ¶¶ 6, 10, Ex. C (Screenshot of MediaPost Website). Plaintiff contends that he did not license the Guccione Photograph to MediaPost nor did MediaPost have his consent to use it. *Id.* ¶ 11.

## II. Procedural History

Plaintiff initiated this action on July 21, 2016, alleging that MediaPost infringed his copyright on the Guccione Photograph by reproducing it online, and seeking damages for violations of the Copyright Act, 17 U.S.C. §§ 106, 501, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202. Compl. ¶¶ 12-23. Plaintiff served MediaPost with a copy of the Complaint the following day. ECF No. 5. On October 14, 2016, the Clerk of the Court entered a Certificate of Default as to MediaPost as a result of MediaPost's failure to answer or otherwise respond to the Complaint. ECF No. 8. Having obtained the Clerk's Certificate of Default, Plaintiff filed a motion for default judgment against MediaPost on December 23, 2016. ECF No. 9 ("Pl's Memo."). The Court then ordered MediaPost to show cause why default judgment should not be entered against it pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 10. MediaPost was to make such showing in writing on or before January 27, 2017. The Court clearly warned MediaPost that its failure to comply with the Court's Order to Show Cause would result in a default judgment against it. Five months have elapsed since MediaPost's response to the Court's Order to Show Cause was due, but, to-date, MediaPost has not filed anything or otherwise appeared in this action.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for the entry of default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). First, the Clerk of the Court automatically enters a certificate of default after the party seeking a default submits an affidavit showing that the other party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); Local Civil Rule 55.1. Second, after a certificate of default has been entered by

2

the Clerk, the court, on plaintiff's motion, will enter a default judgment against a defendant that has failed to plead or otherwise defend the action brought against it. *See* Fed. R. Civ. P. 55(b)(2).

By failing to answer the allegations in a complaint, the defaulting defendant admits the plaintiff's allegations. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, a district court "need not agree that the alleged facts constitute a valid cause of action." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)) (internal quotation marks omitted). Rather, the Second Circuit Court of Appeals has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Mickalis Pawn Shop*, 645 F.3d at 137 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). In making this determination, the court draws all reasonable inferences in plaintiff's favor. *Au Bon Pain*, 653 F.2d at 65.

**DISCUSSION**

**I. Violation of the Copyright Act**

In relevant part, the Copyright Act provides that "the owner of copyright under this title has the exclusive rights . . . (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106; *accord Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Section 501 of the Copyright Act provides copyright owners with a cause of action against infringers. To state a claim for copyright infringement, a plaintiff must allege "(1) which specific original works are the subject of the claim; (2) plaintiff's ownership of the

copyrights in those works; (3) proper registration of the copyrights; and (4) by what acts during what time the defendant infringed the copyright." *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 507-08 (S.D.N.Y. 2015) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)) (internal quotation marks omitted).

Here, the uncontroverted facts show that Plaintiff owned the specific, original work that is the subject of his copyright claim, the Guccione Photograph, and that MediaPost infringed his copyright in the Guccione Photograph by publishing it on the MediaPost website in July 2015. These allegations satisfy Plaintiff's burden of proof on the first, second, and fourth elements of his claim. However, he has not demonstrated that he registered the copyright in accordance with the Copyright Act, the third element of his claim for copyright infringement. Rather, he alleges that the Guccione Photograph "was given *pending* United States Copyright Registration Number 1-2963387455." Compl. ¶ 9 (emphasis added). The document attached as Exhibit B to the Complaint is an application, not a certificate of registration.

In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010), the Supreme Court emphasized that "the Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier*, 559 U.S. at 157 (citing 17 U.S.C. § 411(a)). The failure of a copyright holder to do so does not divest the court of subject matter jurisdiction; it is only a "precondition to filing a claim." *Id.* It remains an open question whether a work is considered "registered" under the Copyright Act if the plaintiff's application for a copyright is pending when the action commences. *Gattoni v. Tibi, LLC*, No. 16-cv-7527 (RWS), 2017 WL 2313882, at *3 (S.D.N.Y. May 25, 2017) (collecting cases). Although the Second Circuit Court of Appeals has not addressed this specific question, courts in this Circuit, including this Court, have required a plaintiff to "either hold a valid copyright registration or have applied and been refused

4

a registration as a prerequisite to filing a civil claim." *Id.* (citation and internal quotation marks omitted) (collecting cases); *see, e.g., Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12-cv-1343 (ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013). The practice in this Circuit led the district court in *Gattoni* to dismiss plaintiff's complaint under circumstances identical to those presented here. This Court agrees with the district court's well-reasoned decision in *Gattoni* and will follow the same course here. Accordingly, Plaintiff has not established MediaPost's liability for a violation of the Copyright Act and his request for default judgment as to this cause of action is denied.

## II. Violation of the Digital Millennium Copyright Act

The Digital Millennium Copyright Act ("DMCA") prohibits, among other things, intentionally removing or altering "any copyright management information" ("CMI") or distributing a work "knowing that [CMI] has been removed or altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b). Unlike Plaintiff's claim under the Copyright Act, the fact of Plaintiff's pending copyright application does not bar his DMCA claim. *Gattoni*, 2017 WL 2313882, at *4 (collecting cases). To state a claim for a violation of § 1202(b), a plaintiff must allege "(1) the existence of CMI on the [work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010).

Plaintiff's sparse allegations are insufficient to establish MediaPost's liability for violating the DMCA. Plaintiff does not allege the existence of CMI on the Guccione Photograph, the CMI MediaPost allegedly removed or altered, or that MediaPost removed any CMI at all. *See* Compl. ¶¶ 18-22 (referring to "MediaPost's falsification, removal and/or alteration" of CMI without pleading existence of CMI or its actual removal). In his motion for

5

default judgment, Plaintiff states only that CMI "was removed from [his] photograph." Pl's Memo. at 4. A comparison of the Guccione Photograph in Exhibit A to the Complaint and the photograph appearing on MediaPost's website (Compl., Ex. C) does not reveal any differences between the two images.

It seems likely that Plaintiff's claim is based on MediaPost's publication of the photograph without attribution. *See* 17 U.S.C. § 1202(c)(2) (CMI includes "name of, and other identifying information about, the author of a work"). However, that is mere supposition, not a "reasonable inference[] from the evidence offered." *Au Bon Pain*, 653 F.2d at 65; *cf. Gattoni*, 2017 WL 2313882, at *4 (plaintiff alleged that CMI was information identifying her as owner of photograph and exhibits to complaint showed removal of copyright notice); *Reilly v. Commerce*, No. 15-cv-5118 (PAE) (BCM), 2016 WL 6837895, at *1 (S.D.N.Y. Oct. 31, 2016) (awarding default judgment to plaintiff who alleged defendant removed watermark with copyright information). Therefore, Plaintiff has failed to establish that MediaPost violated the DMCA and his request for default judgment on this cause of action is denied.

## CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff is not entitled to default judgment on either of his causes of action. If Plaintiff would like to amend his Complaint consistent with this Opinion and Order, he must file the Amended Complaint on or before July 17, 2017.

**SO ORDERED.**

Dated: June 26, 2017
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**