**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

FRAN JANIK

                *Plaintiff*,  : Index No. 16-cv-05872-(ALC)

                                           : ECF Case

vs.

                                           :**AFFIDAVIT IN SUPPORT OF**
                                           :**MOTION FOR DEFAULT**

MEDIAPOST COMMUNICATIONS, INC.

                *Defendant.*

-------------------------------------------------------------x

STATE OF NEW YORK    )
                             ) SS.:
COUNTY OF NASSAU    )

       <u>YEKATERINA TSYVKIN</u>, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and a principal at the firm of Liebowitz Law Firm PLLC, attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to this Court's Individual Rules and Practices in Civil Cases, Attachment A, in support of plaintiff's motion for the entry of a default judgment against defendant.

3. Plaintiff Janik filed the Amended Complaint in this action on July 17, 2017. See Dkt. 13. On July 17, 2017, the Defendant was served a Summons, Civil Cover Sheet and First Amended Complaint at its place of business. See Dkt. 14. Pursuant to Fed. R. Civ. P. an answer or a response was due on August 7, 2017.

4. On September 7, 2017 the Plaintiff moved for default judgment. On September 12, 2017 the Clerk issued a Certificate of Default.

5. On October 25, 2017 the Plaintiff submitted a proposed Order to Show Cause.

6. As explained in detail in the Motion for Default we propose actual damages in the amount of $10,000, including interest.

7. We believe that an inquest into damages would be unnecessary because the the Defendant's choice to ignore these proceedings should be construed against it into order to avoid a lengthy and intensive inquiry into damages.   17 U.S.C. §1203.  The calculation of actual damages for copyright infringement has been impeded by the Defendant's failure to appear.   Given the exclusivity of the photograph, its value to the infringer, we estimate the actual damages to be at $10,000.

8. The Defendant is not an infant or an incompetent.

DATED: October 25, 2017
Valley Stream, NY

Respectfully Submitted,
/s/Yekaterina Tsyvkin
Yekaterina Tsyvkin
Liebowitz Law Firm PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel. (516) 233-1660

*Attorneys for Fran Janik*