UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1-5-18

FRANCIS JANIK,

          **Plaintiff,**

-against-

MEDIAPOST COMMUNICATIONS, INC.,

          **Defendant.**

16-cv-05872 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

      On July 17, 2017, Plaintiff filed an Amended Complaint under the Copyright Act. ECF No. 13. On September 12, 2017, the Clerk of the Court entered a Certificate of Default as to MediaPost as a result of MediaPost's failure to answer or otherwise respond to the Amended Complaint. ECF No. 17. On October 31, 2017, Plaintiff filed a motion and memorandum of law in support of its motion for default judgment. ECF Nos. 18, 19. On November 27, 2017, this Court issued an Order to Show Cause by December 27, 2017 why default judgment should not be entered against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure. To date, Defendant Mediapost has not responded.

      In support of its motion for default judgment, Plaintiff seeks $10,000 in actual damages. This amount is estimated based on "the exclusivity of the photograph" and "its value to the infringer." Aff. In Supp. of Mot. for Default at 2, ECF No. 19-1. Plaintiff provides no documentation or affidavits alleging the damages it suffered or profits gained by Defendant. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (court may order damages based on "detailed affidavits and documentary evidence"); *compare Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993) (ordering remand when district court "determined damages with the aid of a single affidavit only partially based upon real numbers."). Plaintiff

contends it cannot provide a specific estimate because "Plaintiff's calculation of actual damages depends, in large part, on the Defendant's accounting of revenue, profits and advantage gained as a result of the infringement." ECF No. 19. However, as the owner of the Guccione photograph, Plaintiff can provide evidence regarding how much he has charged others for use of this photograph or, barring that, how much he has charged others to use comparable photographs.

Accordingly, Plaintiff is hereby ordered to provide supplemental briefing in support of its application for damages by January 19, 2018. Defendant's response, if any, is due by February 2, 2018.

**SO ORDERED.**

Dated: January 5, 2018
      New York, New York

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**